**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 14, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2024AP481-FT**

**STATE OF WISCONSIN**

Cir. Ct. No. 2023TR6647

**IN COURT OF APPEALS
DISTRICT II**

IN THE MATTER OF REFUSAL OF RODOLFO ROGEL RODRIGUEZ:

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

RODOLFO ROGEL RODRIGUEZ,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Kenosha County: ANGELINA GABRIELE, Judge. *Affirmed*.

¶1     GROGAN, J.[1]  Rodolfo Rogel Rodriguez appeals from a judgment entered after the circuit court found he improperly refused to submit to a chemical test in violation of WIS. STAT. § 343.305(9) after he was arrested for driving while under the influence.  On appeal, he claims the circuit court erroneously exercised its discretion[2] when it excluded evidence during the refusal hearing.  This court affirms.

## I.  BACKGROUND

¶2     In September 2023, a City of Kenosha police officer initiated a traffic stop of Rodriguez for suspected drunk driving.[3]  Two Kenosha County deputy sheriffs, Deputy Sheriff Patrick Jones and Deputy Sheriff Museitif,[4] arrived at the scene shortly thereafter.  When Jones made contact with the driver (Rodriguez), he observed that Rodriguez's eyes were red and glossy, that Rodriguez smelled of alcohol, and that he had a case of beer in his backseat.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2021-22). This is an expedited appeal under WIS. STAT. RULE 809.17 (2021-22).

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Counsel for both parties refer to the erroneous exercise of discretion standard as the "abuse of discretion" standard.  While the phrases are interchangeable, Wisconsin courts abandoned the phrase "abuse of discretion" in favor of "erroneous exercise of discretion" more than three decades ago.  *See* ***City of Brookfield v. Milwaukee Metro. Sewerage Dist.***, 171 Wis. 2d 400, 423, 491 N.W.2d 484 (1992) ("Henceforth this court will use *erroneous exercise of discretion,* in place of *abuse of discretion.*  We are not changing the standard of review, just the locution.").

[3] The Record identifies the officer only as "Deputy Bourdo."

[4] Deputy Museitif is identified in the Record by his last name only.  For the purposes of this opinion, this court will use the spelling of Deputy Museitif's name as reflected in the transcript from the refusal hearing rather than the spelling reflected in the parties' respective briefs (Musetif).

Rodriguez agreed to perform field sobriety tests, all of which showed multiple clues indicating impairment. Jones thereafter placed Rodriguez under arrest and found a beer cap in Rodriguez's pocket during the search incident to arrest, which he explained supported his belief that Rodriguez had consumed alcohol. It is undisputed that Jones read Rodriguez the Informing the Accused form (the Form) verbatim and that Rodriguez refused to consent to a chemical test of his blood after Jones read the Form.

¶3      After receiving notice that his license would be revoked for improperly refusing a chemical test, Rodriguez requested a refusal hearing. Jones was the only witness who testified at the February 2024 refusal hearing. He was also the only law enforcement officer present at the hearing. During cross-examination, Rodriguez's counsel asked Jones if he remembered Rodriguez having "questions about his ability to get his own test done" after being read the Form. Jones answered that he did not recall. When the prosecutor immediately thereafter objected on the basis that this line of questioning was not relevant, Rodriguez's counsel asserted that this information was relevant because if an officer "provided additional misinformation directly after[]" reading the Form verbatim, the refusal may be lawful under the framework set forth in *County of Ozaukee v. Quelle*, 198 Wis. 2d 269, 280, 542 N.W.2d 196 (Ct. App. 1995), *abrogated on other grounds by Washburn County v. Smith*, 2008 WI 23, ¶¶64, 72, 308 Wis. 2d 65, 746 N.W.2d 243.

¶4      The circuit court implicitly overruled the objection and told Rodriguez's counsel to "go ahead with your question." Defense counsel then confirmed with Jones that Jones did not "recall if [Rodriguez] had questions about his ability to get his own test done[.]" When Jones responded that he did not recall, defense counsel queried: "You asked Deputy Museitif to clarify what the

3

independent testing option was, so would that be accurate and fair?" Jones responded that he did not recall.

¶5     Defense counsel then played a portion of Jones's body camera video, which counsel believed showed Museitif providing Rodriguez with information about independent testing. After playing the video, defense counsel asked Jones whether he had been "able to hear Deputy Museitif talking in the background[,]" and Jones responded "No." Defense counsel then asked Jones if it would "be helpful to hear *Deputy Museitif*'s body camera" video to better hear what Museitif had purportedly said to Rodriguez.[5] (Emphasis added.) The prosecutor objected, stating that she did not "understand the relevance" for the purpose of the refusal hearing, and the circuit court sustained the objection. When defense counsel immediately thereafter indicated that he wanted "to quote Deputy Museitif, if possible[,]" the court stated that it had "sustained the objection" and told defense counsel to "move on."

¶6     After the circuit court denied defense counsel's request to quote Museitif, counsel then asked Jones whether "Deputy Museitif provide[d] extraneous information not included in the informing the accused[.]" The prosecutor objected again, asserting both that the question asked for irrelevant information and that it was "outside this officer['] s [Jones's] knowledge"—particularly given that Jones had already confirmed he could not hear what Museitif purportedly said when defense counsel played Jones's own body camera footage. The court sustained the objection.

---

[5] It is not clear from the Record what Deputy Sheriff Museitif purportedly said that Rodriguez believes supports his argument that his refusal was proper.

¶7     During closing arguments, Rodriguez's counsel told the circuit court he had requested that all three law enforcement officers involved in the traffic stop attend the refusal hearing.[6]  Defense counsel then asserted that because *only* Jones had attended/testified, the court's rulings—which ultimately prohibited him from introducing evidence about Museitif providing Rodriguez with "misleading" "extra information[,]"—denied him the opportunity to prove the refusal was proper under *Quelle*.  After closing arguments, the court ruled the police had probable cause to believe Rodriguez had been driving under the influence, Rodriguez had been "lawfully stopped and arrested," he had been informed "in compliance with [WIS. STAT. §] 343.305," and Jones had read the Form "verbatim, apparently twice."  It further determined Rodriguez did not have "good cause or any reason … to refuse," and, therefore, Rodriguez's refusal was "unlawful or improper."  Based on its decision, the court revoked Rodriguez's driving privileges for two years.  Rodriguez appeals.

## II. DISCUSSION

¶8     The sole issue raised on appeal is whether the circuit court erroneously exercised its discretion when it excluded evidence regarding Museitif's purported statements made during the traffic stop and denied Rodriguez's request to play Museitif's body camera video during Jones's testimony.

---

[6] Defense counsel did not provide any other information about this request.  He did not indicate whether he had asked the prosecutor to ensure the officers' presence or whether the prosecutor had agreed to produce all three officers.  There is also no evidence in the Record as to whether Rodriguez himself made any effort to secure Museitif's presence at the refusal hearing.

¶9      This court reviews a circuit court's decision to admit or exclude evidence under an erroneous exercise of discretion standard. *State v. Mayo*, 2007 WI 78, ¶31, 301 Wis. 2d 642, 734 N.W.2d 115. This court will sustain a circuit court's decision as long as it "examined the relevant facts, applied a proper legal standard, and reached a reasonable conclusion using a demonstrated rational process." *Id.* Application of the implied consent law to an undisputed set of facts is a question of law this court reviews de novo. *State v. Rydeski*, 214 Wis. 2d 101, 106, 571 N.W.2d 417 (Ct. App. 1997).

¶10     "A refusal to submit to a chemical test for intoxication cannot result in revocation of operating privileges unless the person has first been adequately informed of his rights under the law." *Smith*, 308 Wis. 2d 65, ¶51. Rodriguez does not dispute that Jones accurately read the Form; rather, he argues that after being read the Form, Museitif provided additional information he believes was misleading, which he says therefore rendered his refusal proper under the three-pronged inquiry set forth in *Quelle*.[7]

¶11     In *Quelle*, the court of appeals set forth the following three-pronged test courts should use to determine whether the notice given to a driver complied with Wisconsin's implied consent law:

> (1) Has the law enforcement officer not met, or exceeded his or her duty under [WIS. STAT.] §§ 343.305(4) and 343.305(4m) to provide information to the accused driver;

---

[7] There are three questions that must be addressed at a refusal hearing: (1) "[w]hether the officer had probable cause to believe the person was driving or operating a motor vehicle while under the influence"; (2) "[w]hether the officer complied with" the notice requirements in WIS. STAT. § 343.305(4), i.e., read the Form to the driver; and (3) whether the driver improperly refused. Sec. 343.305(9)(a)5.a.-c. Because Rodriguez asserts only the evidentiary issue on appeal, this court limits its analysis to that issue.

(2) Is the lack or oversupply of information misleading; *and*

(3) Has the failure to properly inform the driver affected his or her ability to make the choice about chemical testing?

*Quelle*, 198 Wis. 2d at 280; *see also* **Smith**, 308 Wis. 2d 65, ¶72 (applying the *Quelle* three-prong inquiry to fact situations in which a "law enforcement officer provided all the statutorily required information but then provided more information in excess of his duty under § 343.305(4)").

¶12     Here, it is undisputed that Jones read the Form to Rodriguez verbatim; however, Rodriguez asserted that his refusal was lawful because Museitif provided him with additional, misleading information that ultimately led to his refusal.[8]    Broadly speaking, evidence as to whether Museitif provided Rodriguez with additional, misleading information after Jones read the Form is relevant to the question of whether or not Rodriguez's refusal was lawful pursuant to *Quelle*.    *See* *Quelle*, 198 Wis. 2d at 280; *see also* WIS. STAT. § 904.01 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").    The circuit court recognized this when it initially allowed defense counsel to question Jones about whether Rodriguez had asked additional questions about "get[ting] his own test done" after being read the Form over the State's relevancy objection.

---

[8] Based on the Record, it does not appear that Rodriguez ever asserted that either of the other law enforcement officers involved in the stop—Jones or Bourdo—provided additional, misleading information.

¶13    Rodriguez asserts the circuit court erred, however, when it later sustained the State's relevancy and lack of personal knowledge objections after defense counsel further questioned Jones about Museitif's purported statements and attempted to play Museitif's body camera video for Jones during Jones's testimony after Jones had already testified that he did not recall whether Rodriguez had asked questions about obtaining his own test or whether Museitif had provided Rodriguez with any information regarding additional testing and that he could not hear Museitif talking in the background when defense counsel played Jones's own body camera footage to refresh his memory.    Rodriguez contends that this excluded evidence about Museitif providing a misleading "oversupply of information" that "affected his … ability to make the choice about chemical testing" was relevant under *Quelle*. *See Quelle*, 198 Wis. 2d at 280.

¶14    This court agrees that, generally speaking, evidence as to whether Rodriguez received additional, misleading information, which he says impacted his ability to make a choice regarding chemical testing, is relevant at a refusal hearing.    *See id.*    However, there are circumstances when relevant evidence is nevertheless inadmissible.    Specifically, WIS. STAT. § 904.02 provides that "[a]ll relevant evidence is admissible, *except as otherwise provided* by the constitutions of the United States and the state of Wisconsin, by statute, by these rules, or by other rules adopted by the supreme court."    (Emphasis added.)    As applicable here, one circumstance in which relevant evidence is inadmissible occurs when the witness lacks personal knowledge:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness.

WIS. STAT. § 906.02. Here, the relevant evidence Rodriguez sought to introduce was that Museitif had provided him with additional information that was misleading. However, Rodriguez attempted to introduce this information through Jones, who testified he did not have personal knowledge about whether Museitif had provided Rodriguez with any additional information. The circuit court therefore did not err in sustaining the State's objection that this line of questioning (including the attempt to introduce what was purportedly Museitif's body camera video through *Jones*'s testimony) was "outside [Jones's] knowledge."[9]

¶15   Had *Museitif* been present at the refusal hearing, he could have testified about his own statements, and Museitif's body camera footage likewise could have been introduced through Museitif. But Museitif did *not* testify at the refusal hearing, and Rodriguez did not present any *admissible* evidence as to Museitif's statements. Thus, while defense counsel is correct that whether "additional, extra information … that was misleading" was provided to Rodriguez at the time Jones read the Form was *relevant* for the purpose of determining whether his refusal was proper under ***Quelle***, Rodriguez failed to introduce relevant *admissible evidence* that he received any such information.

¶16   Based on the foregoing, this court concludes the circuit court did not erroneously exercise its discretion in excluding Museitif's purported statements and body camera footage when Rodriguez attempted to introduce them through Jones's testimony. Although the circuit court did not explicitly state the basis for

---

[9] Not only was this outside of Jones's personal knowledge, it was also inadmissible hearsay. *See* WIS. STAT. § 908.01(3) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); *see also* WIS. STAT. §§ 908.02-908.05 (identifying hearsay exceptions).

its decision, the Record reflects that the prosecutor objected on both the basis of relevance and lack of personal knowledge and that the circuit court sustained the objections. Presumably, the circuit court excluded the evidence based on the latter as that is what the Record supports. *See State v. Hurley*, 2015 WI 35, ¶29, 361 Wis. 2d 529, 861 N.W.2d 174 ("'Regardless of the extent of the trial court's reasoning, [a reviewing court] will uphold a discretionary decision if there are facts in the record which would support the trial court's decision had it fully exercised its discretion.'" (alteration in original; citation omitted)).

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.